IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1884-B-BN |
| | § | |
| STATE OF GEORGIA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons stated below, the undersigned recommends that the Court transfer this action to the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

**Background**

This action – merely one of some sixteen actions initiated by Plaintiff that have been filed in, or removed to, this Court since October 2014 – continues Plaintiff's primary pattern of initiating a lawsuit in this district against entities and individuals located in Georgia for actions that she alleges occurred in Georgia. *See* Dkt. Nos. 3 & 7 (naming as defendants Georgia government entities and officials, companies identified as being in Georgia, and Georgia residents). In fact, the Court recently dismissed another action filed by Plaintiff against solely Georgia defendants – some

-1-

of whom she names as defendants in this action – in part on some of those defendants' argument that this Court lacks personal jurisdiction over them. *See Duru v. TSPMG Kaiser Permanente Ga.*, No. 3:14-cv-3817-N, 2015 WL 3403946, at *6 (N.D. Tex. May 26, 2015).

On June 5, 2015, after examining Plaintiff's verified financial information, *see* Dkt. No. 5, the undersigned recommended that the Court deny Plaintiff leave to proceed *in forma pauperis*. *See* Dkt. No. 6. The Court adopted that recommendation, *see* Dkt. No. 8, and Plaintiff has now paid the full filing fee.

The undersigned now concludes that, in the interest of justice, the Court should transfer this action to the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

## Legal Standards

While Federal Rule of Civil Procedure 12(b)(2) provides for dismissal for lack of personal jurisdiction, "[i]n the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *see Hooda v. WCA Servs. Corp.*, Civ. A. No. H-10-5022, 2011 WL 2182354, at *5 (S.D. Tex. June 3, 2011) ("When venue is improper in the district where the case is filed, a court may, if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought rather than dismissing the case." (citations and internal quotation marks

omitted)).

"Personal jurisdiction is not required for the court to transfer a case to another federal court." *J.D. Fields & Co., Inc. v. Nucor-Yamato Steel Co.*, Civ. A. No. H-12-1918, 2012 WL 6042219, at *4 (S.D. Tex. Dec. 4, 2012) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962) ("Nothing in [§ 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history....")).

> Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin*, 380 F.3d at 816.] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman*, 730 F.3d at 466; *see also Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) (explaining that the "'[i]nability to perfect service of process on a defendant in an otherwise correct venue is [also] an obstacle'" to adjudication justifying transfer under Section 1406(a) (quoting *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1105 (5th Cir. 1981))).

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-0419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) (citation omitted); *see Glazier Group, Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752,

2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice." (citation and internal quotation marks omitted)); *see also Chenevert v. Springer*, Civ. A. No. C-09-35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) ("'Generally, the "interest of justice" instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them.'" (quoting *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002))).

## Analysis

In addition to suing the State of Georgia, virtually all other defendants that Plaintiff has named are either governmental entities, government officials, companies, or individuals in the Atlanta Division of the Northern District of Georgia. *Compare* 28 U.S.C. § 90(a)(2), *with* Dkt. No. 3 at 3; Dkt. No. 7 at 1-2 (naming as defendants Georgia state agencies, the Cobb County Government, the Cobb County Police Department, the Marietta City Government, the Marietta Police Department, the Marietta Police Chief, and the City of Smyrna – all located in the Atlanta Division of the Northern District of Georgia); Dkt. No. 3 at 10-61; Dkt. No. 7 at 2-3 (naming as defendants individuals and businesses associated with addresses in Alpharetta, Atlanta, Austell, Kennesaw, Marietta, and Smyrna – all cities within counties located in the Atlanta Division of the Northern District of Georgia).[1] Moreover, to the extent that Plaintiff has alleged plausible factual allegations, overwhelmingly, Plaintiff's allegations concern events

---

[1] Plaintiff makes a single reference to a staffing agency located in Dallas, Texas. *See* Dkt. No. 3 at 33.

that she alleges occurred in Georgia.

At this initial stage of these proceedings – after the filing of the complaint and Plaintiff's payment of the filing fee but before service of process – the Court cannot raise lack of personal jurisdiction as a basis for dismissal of this action. *See May v. Iowa Dep't of Motor Vehicles*, No. CV-09-487-S-BLW, 2010 WL 1462353, at *2 n.1 (D. Idaho Apr. 8, 2010) (the magistrate judge "also found that, based on the allegations in the Complaint, this Court lacks personal jurisdiction over Iowa. Because a party can waive personal jurisdiction, this Court declines to *sua sponte* address the issue of personal jurisdiction" (citations omitted)); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-04 (1982) (noting that, unlike subject-matter jurisdiction, which the court must consider *sua sponte*, "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. In *McDonald v. Mabee*, [243 U.S. 90 (1917),] the Court indicated that regardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance"); *cf. AllGood Entm't, Inc. v. Gridiron Video*, Civ. A. No. 09-2406 (JLL), 2012 WL 395373, at *8 (D.N.J. Feb. 6, 2012) ("A party may waive personal jurisdiction, but when a court inquires *sua sponte* into personal jurisdiction on a motion for default judgment, a court is determining whether it has the power to enter default judgment." (citations omitted)); *accord Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324-25 (5th Cir. 2001) (not error to raise the issue of personal jurisdiction *sua sponte* after motion default is sought but error to dismiss a complaint on that ground "without allowing the plaintiff

an opportunity to respond to the court's concerns over personal jurisdiction").

Given the nature of this action – as outlined above – and because the Court may not at this time *sua sponte* dismiss this action for lack of personal jurisdiction (or improper venue), the interest of justice dictates that the Court transfer this action under Section 1406(a). *Cf. McNeil v. Comm'r of Soc. Sec.*, Civ. A. No. 10-10 002(UNA), 2010 WL 2985949, at *2 (D.D.C. July 29, 2010) (transferring a *pro se* complaint pursuant to Section 1406(a) in the interest of justice in light of binding circuit precedent preventing *sua sponte* dismissal of *pro se* complaints for improper venue or personal jurisdiction (citing *Anger v. Revco*, 791 F.2d 956 (D.C. Cir. 1986))).

## Recommendation

The Court should, in the interest of justice, transfer this action to the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE